IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-02046-EWN-BNB

HORACIO ARRAZ-SAENZ,

Plaintiff,

v.

THE STATE OF COLORADO, and
BILL RITTER, Governor,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the **Defendants' Motion to Dismiss** [Doc. #23, filed 3/13/08] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED and that this case be DISMISSED in its entirety.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d

1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

On October 1, 2007, the plaintiff initiated this action by filing a paper titled "Complaint Pursuant to the Allien [sic] Tort Claim Act 28 U.S.C. § 1350 (2003)"[Doc. #3]. The plaintiff filed an amended Prisoner Complaint on October 26, 2007 [Doc. #6] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff is a citizen of Mexico. *Complaint*, p. 3.[1]

2. In September 1983, the plaintiff was convicted in the Denver County District Court of two counts of first degree murder and one count of conspiracy to commit first degree murder. Id. The plaintiff was sentenced to two consecutive life sentences with parole eligibility after 40 years. Id.

3. The plaintiff was not informed of his right to contact the Mexican Consulate as required under Article 36 of the Vienna Convention on Consular Relations (the "Vienna Convention"). Id.

4. The plaintiff would have contacted the Mexican Consulate for assistance with his proceedings if he had been informed of his right. Id. at p. 5. Specifically, the plaintiff asserts:

> Prior to trial the Plaintiff was dissatisfied with the court appointed lawyer and let the court known [sic] by requesting the court to be

---

[1]The Complaint is submitted on the Court's form complaint. The plaintiff has inserted pages into the form, which has resulted in pages that are not consecutively numbered. Consequently, I cite to the page numbers of the Complaint as they are reflected in the Court's docket system.

2

> allowed to hire his won [sic] lawyer about six weeks prior to trial. At the same time the court appointed lawyer filed a motion with the court asking the court to be allowed to withdraw from the case due to not being prepared for trial a month before it and that to continue in the case he could only provide ineffective assistance for the Plaintiff. The court refused to allow this Plaintiff to hire his own lawyer and refused to allow the appointed lawyer to withdraw from the case even clearly stating to the court that he will be ineffective. Had this Plaintiff had a representative of his country present at this time he could have had a better chance to argue his case in the attempt to hire his own lawyer.

Id. at p. 3.

The plaintiff asserts one claim for monetary damages based on the alleged violation of the Vienna Convention. The plaintiff seeks to assert his claim through the Alien Tort Statute, 28 U.S.C. § 1350 ("ATS") or in the alternative, pursuant to 42 U.S.C. § 1983.[2] He seeks forty million dollars in "Nominal Damages" and ten million dollars in "Punitive Damages." Id. at p. 23.

## III. ANALYSIS

The Supreme Court has summarized the pertinent portion of the Vienna Convention as follows:

> The Vienna Convention was drafted in 1963 with the purpose, evident in its preamble, of "contribut[ing] to the development of friendly relations among nations, irrespective of their differing constitutional and social systems." 21 U.S.T., at 79. The Convention consists of 79 articles regulating various aspects of consular activities. At present, 170 countries are party to the Convention. The United States, upon the advice and consent of the Senate, ratified the Convention in 1969. Id., at 77.

---

[2]To the extent the plaintiff attempts to bring other claims, those claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

> Article 36 of the Convention concerns consular officers' access to their nationals detained by authorities in a foreign country. The article provides that "if he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner." Art. 36(1)(b), id., at 101. In other words, when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country if the detainee so requests. Article 36(1)(b) further states that "[t]he said authorities shall inform the person concerned [ i.e., the detainee] without delay of his rights under this sub-paragraph." Ibid.

Sanchez-Llamas v. Oregon, 548 U.S. 331, 126 S.Ct. 2669, 2674-75 (2006).

Neither the Supreme Court nor the Tenth Circuit has decided whether the Vienna Convention is self-executing[3] or whether it grants individually enforceable rights.[4] Medellin v. Texas, 128 S.Ct. 1346, 1357, n.4 (2008); Torres de la Cruz v. Maurer, 483 F.3d 1013, 1023 (10th Cir. 2007). Without deciding these issues, both Courts have held that claims raising individual rights are subject to procedural rules, including statutes of limitation. Sanchez-Llamas, 126 S.Ct. at 2686 (addressing state procedural default rules in the criminal setting, and specifically including statutes of limitations); Torres de la Cruz, 483 F.3d at 1024 (applying the Sanchez-

---

[3]Self-executing means that the treaty "has automatic domestic effect as federal law upon ratification." Medellin v. Texas, 128 S.Ct. 1346, 1356, n.2 (2008). "Conversely, a 'non-self-executing treaty does not give rise to domestically enforceable federal law. Whether such a treaty has domestic effect depends upon implementing legislation passed by Congress." Id.

[4]"[T]he label 'self-executing' usually is applied to any treaty that according to its terms takes effect upon ratification and requires no separate implementing statute. Whether the terms of such a treaty provide for private rights, enforceable in domestic courts, is a wholly separate question." Mora v. New York, 524 F.3d 183, 193, n.16 (2nd Cir. 2008) (internal quotations and citation omitted).

4

Llamas holding to federal removal proceedings by the board of Immigration Appeals).[5] The defendants assert that this action is barred by the statutes of limitation.

The Alien Tort Statute provides that "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The statute of limitation for the Alien Tort Statute is ten years. Van Tu v. Koster, 364 F.3d 1196, 1199 (10th Cir. 2004). The Complaint alleges that the plaintiff was convicted in September 1983. The plaintiff did not initiate this action until October 1, 2007--almost 25 years after he was convicted.

Alternatively, the plaintiff seeks to assert his claim pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Actions asserted under 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. Hunt v. Bennett, 17 F.3d 1263, 1265 (10th

---

[5]In Sanchez-Llamas, the Court held that a violation of any rights under Article 36 would not trigger application of the exclusionary rule. Sanchez-Llamas, 126 S.Ct. at 2681. Therefore, the plaintiff's action is not barred by Heck v. Humphrey, 512 U.S. 477 (1994). See De Los Santos v. Bradenham, 205 Fed.Appx. 182, 2006 WL 3267350 (4th Cir. Nov. 13, 2006).

Cir. 1994). The appropriate statute of limitation for Section 1983 actions arising in Colorado is two years. Id. at 1266; Colo.Rev.Stat. § 13-80-102.

The plaintiff claims that he should not be barred from bringing this action because he was unaware of his rights under the Vienna Convention "untill [sic] one day by chance he discovered of [sic] the provisions of this claim under 28 U.S.C. § 1350." *Answer to Defendants' Motion to Dismiss* [Doc. #22] (the "Response"), p. 1. Federal law determines when a claim under the ATS accrues. See Newcomb v. Ingle, 827 F.2d 675, 678 (10th Cir. 1987). Federal law also determines when a Section 1983 cause of action accrues. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).

"Federal courts . . . generally apply a discovery accrual rule when a statute is silent on the issue . . . ." Rotella v. Wood, 528 U.S. 549, 555 (2000). See also Alexander v. Oklahoma, 382 F.3d 1206, 1215 (10th Cir. 2004). Under the discovery rule, accrual occurs when the plaintiff knows or has reason to know of the injury and its cause. Id. Accrual is not dependent upon when the plaintiff knew or should known that the injury constitutes a legal wrong. Traylor v. Jenks, 223 Fed.Appx. 789, 2007 WL 926899, at *2 (10th Cir. March 29, 2007).

It is apparent from the face of the Complaint that the plaintiff knew of his injury--his conviction--in September 1983. See Alvarez v. Gonzales, 155 Fed.Appx. 393, 2005 WL 3008788 (10th Cir. Nov. 10, 2005) (finding that plaintiff's notice claim under Article 36 of the Vienna Convention accrued upon conviction). Thus, the plaintiff's claim accrued, if at all, no later than September 1983. Absent tolling, the statute of limitations on the plaintiff's ATF claim expired in September 1993, and the statute of limitations on his Section 1983 claim expired in September 1985.

Equitable tolling is only available in very limited circumstances. In discussing equitable tolling of a federal claim, the Supreme Court has stated:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96 (1990).

Unlike the ATS claim, the tolling of a Section 1983 claim is governed by Colorado state law. See Fratus v. DeLand, 49 F.3d 673, 675 (10th Cir. 1995). Colorado's equitable tolling provisions are "limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

The plaintiff's ignorance of the law is not sufficient to justify tolling for nearly 15 years under the ATS or for nearly 23 years under Section 1983. Accordingly, I respectfully RECOMMEND that the Motion be GRANTED and that the plaintiff's claim be dismissed as barred by the statutes of limitation.

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendants' Motion to Dismiss be GRANTED and that the Complaint and this action be DISMISSED in their entirety.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and

file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. <u>In re Key Energy Resources Inc.</u>, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 14, 2008.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge