IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02046-PAB-BNB

HORACIO ARRAZ-SAENZ,

     Plaintiff,

v.

THE STATE OF COLORADO, and
BILL RITTER, Governor,

     Defendants.

---

## ORDER OVERRULING OBJECTIONS AND ADOPTING RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on July 14, 2008 [Docket No. 28] (the "Recommendation").  Plaintiff's amended complaint asserts claims under the Alien Tort Statute, 28 U.S.C. § 1350, and 42 U.S.C. § 1983 for an alleged violation of the Vienna Convention.  On February 12, 2008, defendants filed a motion to dismiss certain of plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) [Docket No. 19].  Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this motion was referred to the assigned magistrate judge for a recommendation regarding its disposition [Docket No. 20].  The Recommendation recommends that defendants' motion be granted and that this case be dismissed in its entirety because plaintiff's claims are barred by the applicable statutes of limitations.

Mr. Arraz-Saenz, who is *pro se*, submitted a timely Objection to Recommendation of United States Magistrate Judge [Docket No. 29] (referred to herein

as "Objection"), which was filed on August 5, 2009.

## I. STANDARD OF REVIEW

Because plaintiff is proceeding *pro se*, the Court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). Where a party files timely objections, the Court reviews the objected-to portion of the Recommendation *de novo*. Fed. R. Civ. P. 72(b). The matters for this Court to review *de novo* are restricted to those to which plaintiff has filed a specific objection. *See* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). In this case, I have applied a *de novo* review to each part of the Recommendation.

Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished . . . ." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding whether the complaint states a plausible claim for relief, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). Where it is apparent from the complaint that a plaintiff's claims are time barred, the plaintiff "has the burden of establishing a factual basis for tolling the statute." *Aldrich*, 627 F.2d at 1041 n.4.

## II.  FACTUAL BACKGROUND

Taking the allegations in plaintiff's complaint as true, the relevant facts are as follows:  Plaintiff is a Mexican citizen who emigrated to the United States in 1976. Compl. [Docket No. 6] at 3.  In September 1983, plaintiff was convicted in the Denver County District Court of two counts of first degree murder and one count of conspiracy to commit murder.  *Id.*  Plaintiff was sentenced to two consecutive life sentences with eligibility for parole after forty years.  *Id.*  Plaintiff was not informed of his right to contact the Mexican Consulate under Article 36 of the Vienna Convention on Consular Relations (the "Vienna Convention") at the time he was prosecuted.  *Id.*  Plaintiff was dissatisfied with his court-appointed counsel and believes he would have had a better chance of successfully persuading the trial court to allow him to "hire his own lawyer" if, pursuant to the Vienna Convention, he had been accompanied by a representative of his country during pretrial proceedings.  *Id.*  Plaintiff asserts claims under 42 U.S.C. § 1983 and the Alien Tort Statute, 28 U.S.C. § 1350, seeking monetary relief in the amount of forty million dollars in "nominal damages" and ten million dollars in "punitive damages."  *Id.* at 23.

## III.  ANALYSIS

Twenty-six years have passed since plaintiff was convicted.  Plaintiff asserted his § 1983 and Alien Tort Statute claims for the first time in October 2007.  Based on this significant time lag, defendants challenged the timeliness of plaintiff's claims, among other things, in their motion to dismiss.  Upon review of all relevant pleadings and the authorities cited by the parties, the Court finds no error with the magistrate judge's

carefully reasoned analysis of the statute of limitations issue.

Assuming without deciding that plaintiff, at one time, had viable claims for the violation of his rights under the Vienna Convention, such claims are barred by the applicable statute of limitations. Plaintiff's claims of injury stem from his conviction in 1983, and it was then that his cause of action accrued. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1215 (10th Cir. 2004). Section 1983 actions are subject to a two-year statute of limitations, *see Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir.1993), while claims under the Alien Tort Statute are governed by a ten-year statute of limitations. *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004). Accordingly, plaintiff's claims remain viable only if there is some factual basis for tolling these statutes of limitations. Plaintiff's Objection, broadly construed, asserts that he was unable to learn of his rights under the Vienna Convention and assert his claims in this lawsuit because neither the prosecuting authorities, the state court, nor state prison officials informed him of such rights.

Tolling of the § 1983 statute of limitations is generally governed by state law. *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008). Colorado law limits tolling "to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claim despite diligent efforts." *Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 149 (Colo. 2007). Tolling of plaintiff's cause of action under the Alien Tort Statute is governed by federal law, *see Deutsch v. Turner Corp.*, 324 F.3d 692, 717 n.18 (9th Cir. 2003), which allows tolling "in situations where the claimant has

actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Plaintiff has pointed to no facts that warrant tolling under these standards. Nothing in his Objection implicates the named defendants in his failure to file this lawsuit until October 2007.  Nor does plaintiff's Objection state any extraordinary circumstances that would support equitable tolling.  Plaintiff's lack of knowledge of a federal cause of action under the Alien Tort Statute and of his rights under the Vienna Convention cannot, in and of itself, save his untimely claims.  Accordingly, it is

**ORDERED** as follows:

1.      The Recommendation of United States Magistrate Judge [Docket No. 28] is ACCEPTED.

2.      Defendants' motion to dismiss [Docket No. 19] is GRANTED.

3.      This matter, and all claims asserted therein, is dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

DATED September 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge